IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| MARVIN B. FLUCKIGER<br><br>Plaintiff,<br><br>v.<br><br>BRYAN HAWKINS,<br><br>NATHAN ARGYLE,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON DEFENDANTS' MOTION TO COMPEL<br><br>Case No. 1:11-cv-00120-DAK-DBP<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

**I. INTRODUCTION**

This civil rights action was referred to the Court under 28 U.S.C. § 636(b)(1)(A). Plaintiff is Marvin B. Fluckiger.  Defendants are Bryan Hawkins and Nathan Argyle, both Logan City police officers.  Plaintiff brought this action because he alleges Defendants used excessive force on Plaintiff during an illegal arrest, resulting in damage to Plaintiff's vehicle, as well as long-term physical injury to Plaintiff.  (Docket No. 2.)

Before the Court is Defendants' motion to compel Plaintiff's disclosures and discovery responses, as well as for sanctions.  For the reasons below, the Court **GRANTS** in part and **DENIES** in part Defendants' motion.  (Docket No. 20.)

**II. STANDARD OF REVIEW FOR MOTION TO COMPEL**

If one party fails to make initial disclosures under Fed. R. Civ. P. 26(a), or fails to provide inspection of items under Fed. R. Civ. P. 34, the opposing party may move to compel such disclosure and discovery.  Fed. R. Civ. P. 37(a)(3)(A), (B)(iv).

**III. ANALYSIS OF DEFENDANTS' MOTION TO COMPEL**

Defendants originally moved to compel numerous discovery responses from Plaintiff. (Docket Nos. 20-21.)  Plaintiff provided some of these responses.  (Docket No. 25.)  Thereafter, Defendants withdrew portions of their original motion to compel.  (Docket No. 26.)  Defendants now move to compel Plaintiff to: (1) supplement his initial damage computation disclosure; and (2) produce an audio recording Plaintiff made of his deposition.  (Id.)

    A.  **Supplementation of Initial Disclosure as to Damages Computation**

Defendants move to compel Plaintiff to supplement his initial disclosure by providing a computation of his damages, and by identifying the documents used to support this computation. (Docket No. 21 at 10.)

Under Fed. R. Civ. P. 26(a)(1)(A)(iii), a party must provide an initial disclosure as to "a computation of each category of damages claimed," and must make the documents upon which the computation is based available for inspection pursuant to Fed. R. Civ. P. 34.  See R&R Sails, Inc. v. Ins. Co. of Pa., 673 F.3d 1240, 1246 (9th Cir. 2012) ("A major purpose" of initial disclosures is "to accelerate the exchange of basic information about the case . . . ."); D.R. Hornton, Inc.-Denver v. Travelers Indem. Co. of Am., No. 10–cv–02826–WJM–KMT, 2012 WL 400662, at *1 (D. Colo. Feb. 8, 2012) ("Initial disclosures should provide the parties with

information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement.").

Plaintiff failed to provide a computation of damages in his initial disclosure, instead stating it was difficult for him to calculate such damages. (Docket No. 21 at 2.)[1] The Court agrees with Defendants that such an initial disclosure is deficient under Fed. R. Civ. P. 26(a). See Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp., 596 F.3d 357, 367 (6th Cir. 2010) (finding a party failed to satisfy Fed. R. Civ. P. 26(a)(1)(A)(iii) where it claimed $1,601,675 in lost profits but "provided no explanation and no supporting documentation to back up the calculations."); D.R. Horton, Inc., 2012 WL 400662, at *2 (noting "[a] defendant generally is entitled to a specific computation of damages.").

Under Fed. R. Civ. P. 26(a)(2)(E) and 26(e)(1), a party must supplement initial disclosures "in a timely manner if the party learns" the disclosure is incomplete or incorrect. In this case, Plaintiff gave Defendants some information relevant to damages in the form of: (1) an interrogatory answer estimating his out-of-pocket medical expenses at $1500; (2) a vehicle repair estimate; (3) a social security disability denial letter; (4) tax records; and (5) some work papers subpoenaed from Plaintiff's accountant.

Despite this, Plaintiff refused to identify which of the aforementioned documents he would rely on to compute his damages, and refused to disclose a specific damages computation. For instance, Plaintiff declined to identify whether he would seek damages for his out-of-pocket medical expenses and vehicle repair (Docket No. 21 at 9), and declined to identify the pages of

---

[1] Plaintiff's complaint also failed to specify the amount of damages he sought. (Docket No. 2 at 6.)

his tax returns he would use to compute his lost income.  (Docket No. 26 at 3.)  Complicating the issue, Plaintiff failed to timely identify an expert damages witness.  (Docket No. 21 at 10.)

The Court recognizes Plaintiff's assertion that he provided all available damages records to Defendants, and that he "has been unable to compute a proper lost wage claim at this time." (Docket No. 25 at 3.)  However, this does not excuse Plaintiff from supplementing his initial disclosure to identify which of the available records he will rely on to compute his damages.  It likewise does not excuse him from computing an *estimated* damage amount based on those available records.

Given Plaintiff's refusal to provide an actual computation of damages, and his refusal to identify the documents relied on for his computation, the Court finds Plaintiff failed to adequately supplement his initial disclosure under Fed. R. Civ. P. 26(e)(1)(A).  See Roska v. Sneddon, Nos. 07-4170, 07-4288, 2010 WL 618092, at *11 (10th Cir. Feb. 23, 2010) (unpublished) (noting that Fed. R. Civ. P. 26(a)(1)(A)(iii) requires "factual support" and a "computation as to individual damages."); Spinale v. Ball, No. 07-5601-cv, 2009 WL 3739334, at *2 (2nd Cir. Nov. 10, 2009) (unpublished) (citing Fed. R. Civ. P. 26(a)(1)(A)(iii) to affirm a district court's dismissal of a case where a party, who "should have been aware that a computation of damages would be required" failed to provide one).

Based on the analysis above, the Court **GRANTS** Defendants' motion to compel Plaintiff to supplement his initial disclosure as to his damages computation.  (Docket No. 20.)

   B. **Production of Audio Recording**

On January 6, 2012, Defendants served Plaintiff their first set of discovery requests. (Docket No. 21 at 2.)  Document Production Request No. 4 sought all "written or otherwise

recorded statement[s] taken by Plaintiff . . . from any witness or person who has knowledge of the facts and circumstances of the relevant incident." (Id. at 7.)

Under Fed. R. Civ. P. 26(e)(1)(A), a party must supplement such production requests in a timely manner if the party learns they are incomplete or incorrect, and "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

In April 2012, Plaintiff submitted to two depositions. At the end of his second deposition, he testified he had secretly recorded the depositions on his personal audio or video recorder. (Docket No. 21 at 7.) Defendants unsuccessfully asked Plaintiff for the recordings on two occasions. (Id. at 4.)

As such, Defendants filed this motion to compel production of the recordings. (Docket No. 20.) Defendants believe the deposition recordings fall within the parameters of Document Production Request No. 4, as well as Plaintiff's duty to supplement his response thereto. (Docket No. 21 at 7.) Defendants also note they "do not know the complete content of these recordings or whether the recordings consist of audio, video, or both." (Id.)

Plaintiff opposes producing the recordings because he claims they are neither relevant nor discoverable. (Docket No. 25 at 2.) Plaintiff's counsel claims the recordings are the "same as those made by the court reporter," but concedes he does not have Plaintiff's recordings in his possession. (Id.)

Because Plaintiff's counsel does not have the recordings to review, the Court shares Defendants' concerns about their true content. Therefore, the Court orders Plaintiff's counsel to review Plaintiff's recordings, as outlined below.

## IV. ORDERS

For the reasons set forth above, the Court issues the following orders:

**IT IS ORDERED** that Defendants' motion to compel Plaintiff to supplement his initial disclosure as to his damages computation is **GRANTED**.  (Docket No. 20.)

**IT IS FURTHER ORDERED** that, **on or before January 18, 2013**,[2] Plaintiff shall serve a supplemental disclosure pursuant to Fed. R. Civ. P. 26(e) that: (1) includes an estimate of his damages; and (2) lists the documents he relied on to compute his damages.  If any of these documents have not been provided to Defendants, Plaintiff must make them available for inspection and copying pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii) and Fed. R. Civ. P. 34.  If Plaintiff lacks the necessary information or documents to make this disclosure, Plaintiff shall affirmatively include a statement to this effect in his supplemental disclosure.  Further, in the event that Plaintiff is unable to tender a complete and accurate disclosure under Fed. R. Civ. P. 26(a)(1)(A)(iii), Plaintiff is advised of his continuing duty to supplement under Fed. R. Civ. P. 26(e).

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall review Plaintiff's recordings of his deposition to determine if the oral substance/statements are dissimilar from the official deposition transcripts.  (Docket No. 20.)  If Plaintiff's recordings are dissimilar, Plaintiff shall provide a copy of these recordings to Defendants **within seven days of this order**.  Conversely, if Plaintiff's recordings are not dissimilar, Plaintiff's counsel shall submit a certification to the Court reflecting as such **within seven days of this order**. Plaintiff must serve this certification on opposing counsel within the same time frame.

---

[2] January 18, 2013 is the current discovery cut-off date.  (Docket No. 36.)

**IT IS FURTHER ORDERED** that Defendants' request for sanctions in the form of reasonable expenses, including attorney's fees, is **DENIED** under Fed. R. Civ. P. 37(a)(5)(C). (Docket No. 20.)  From the pleadings, it appears Plaintiff diligently searched for, and produced many of the documents Defendants requested.

DATED this 17th day of December, 2012.

Dustin B. Pead
United States Magistrate Judge