IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| MARVIN B. FLUCKIGER<br><br>    Plaintiff,<br><br>v.<br><br>BRYAN HAWKINS,<br><br>NATHAN ARGYLE,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER<br><br>Case No. 1:11-cv-00120-DAK-DBP<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

**I. INTRODUCTION**

This civil rights action was referred to the Court under 28 U.S.C. § 636(b)(1)(A). Plaintiff is Marvin B. Fluckiger. Defendants are Bryan Hawkins and Nathan Argyle, both Logan City police officers. Plaintiff brought this action because he alleges Defendants used excessive force on Plaintiff during an illegal arrest, resulting in damage to Plaintiff's vehicle, as well as long-term physical injury to Plaintiff. (Docket No. 2.)

Before the Court is Defendants' motion for a protective order, and reasonable expenses, including attorney's fees. For the reasons below, the Court **GRANTS** in part and **DENIES** in part Defendants' motion. (Docket No. 23.)

**II. STANDARD OF REVIEW FOR MOTION FOR PROTECTIVE ORDER**

A party from whom discovery is sought may move for a protective order if the motion includes "a certification that the movant has in good faith conferred or attempted confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). The Court may, for good cause, "issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Id. For instance, the Court may specify terms, including the "time and place, for the . . . discovery." Id. 26(c)(1)(B). The Court may also designate "the persons who may be present while the discovery is conducted . . . ." Id. 26(c)(1)(E).

**III. ANALYSIS OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Defendants filed this motion for a protective order to prevent Plaintiff's physical presence at their depositions, and to allow his presence at non-party Patrick C. Bentley's deposition only if it takes place at the Federal District Courthouse. (Docket No. 23.)

Defendants base their request on comments made by Plaintiff that Defendants interpret as threats against their physical well-being. (Docket No. 24.) On August 24, 2012 - three days before the depositions above were scheduled - Plaintiff appeared at a victim advocate's office at the Cache County Attorney's office. (Id. at 2.) He accused Defendants of robbing and assaulting him based on the incident in his civil complaint. (Id.) When the advocate informed him no criminal case had been filed, Plaintiff stated:

> Let me tell you a story. A guy goes to a lawyer and says he needs some help. The lawyer says, 'pay me some money.' The guy says he doesn't have any money. Later, the guy goes back to the lawyer and asks for help. The lawyer says 'pay me some money.' The guy doesn't have any money. Then the guy goes to John Gotti and asks for help. John Gotti says, 'I don't need any money and you'll know when the problem is taken care of.'

(Docket No. 24-3 at 28.)   Plaintiff then laughed, said "You know what I mean," and twice stated his problems would "soon" be taken care of. (Id.) The victim's advocate immediately notified the Logan City Police Department, and the entire Department was advised to use caution if they came into contact with Plaintiff. (Docket No. 24 at 6.)

Plaintiff opposes Defendants' motion because he claims Defendant's counsel, Mr. Peter Stirba, failed to include the required certification that he made a good faith effort to confer or resolve the matter without court intervention. (Docket No. 27 at 4.) While the affidavit Mr. Stirba attached to the motion does not include a certification, it demonstrates Mr. Stirba's numerous emails and phone calls to Plaintiff's counsel, Mr. David Brown. (Docket No. 24-2.) It also shows Mr. Brown's August 27, 2012 refusal to conduct the aforementioned depositions without Plaintiff's physical presence. (Id.) Defendants filed this motion to compel four days after Mr. Brown's refusal, on August 31, 2012. On balance, the Court finds Mr. Stirba's affidavit reflects that meaningful communication between the parties occurred, and that no agreement could be reached.

Plaintiff also opposes Defendants' motion as unnecessary. (Docket No. 27.) Mr. Brown claims Plaintiff is not violent, but has an unusual sense of humor, and his statements "were never meant to be of a threatening variety." (Id. at 2-3.) Despite this explanation, the Court finds Defendants' concerns for their well-being are not without substance.

Finally, Plaintiff claims that excluding him from "the crucial depositions of Defendants would be a violation of his due process rights." (Docket No. 27 at 5.) As such, he "does not oppose holding the depositions at the First District Court in Logan, Utah" because all the parties and witnesses reside near there. (Id. at 4.)

The Court concludes that conducting the depositions of Defendants, and of Patrick C. Bentley, at a courthouse will give Plaintiff the access he seeks while providing adequate security for everyone involved. Therefore, the Court orders the parties to schedule these depositions at a courthouse as outlined below.

## IV. ORDERS

For the reasons set forth above, the Court issues the following orders:

**IT IS ORDERED** that Defendants' motion for a protective order to prohibit Plaintiff's physical presence at Defendants' depositions is **DENIED**. (Docket No. 23.)

**IT IS FURTHER ORDERED** that Defendant's motion for a protective order to conduct the deposition of Patrick C. Bentley at a courthouse is **GRANTED**. (Docket No. 23.)

**IT IS FURTHER ORDERED** that the depositions of Defendant Bryan Hawkins, Defendant Nathan Argyle, and non-party Patrick C. Bentley shall be conducted at a mutually convenient courthouse.[1] If the parties cannot agree on a location, the depositions shall be conducted at the Federal District Courthouse at 350 South Main Street, Salt Lake City, Utah 84101. Plaintiff, Marvin Fluckiger, may be physically present at these depositions. Such depositions must be conducted on or before **January 18, 2013**.

---

[1] If the parties would like to conduct depositions at the First District Courthouse at 135 North 100 West, Logan, Utah 84321, they may call (435) 750-1300 to reserve a room.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 26(c)(3) and Fed. R. Civ. P. 37(a)(5)(C), Defendant's request for reasonable expenses, including attorney's fees, is **DENIED**.  (Docket No. 23.)  From the pleadings, it appears the parties never jointly discussed holding the depositions at a courthouse, and Plaintiff is amenable to doing so.

DATED this 18th day of December, 2012.

_____
Dustin B. Pead
United States Magistrate Judge